UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Franklin D. Cunupp, Jr., #333002, | C/A No. 4:11-1656-TLW-TER |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| Anthony J. Padula, | |
| Respondent. | |

Petitioner, Franklin D. Cunupp, Jr. (Petitioner/Cunupp"), is currently incarcerated at Lee Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 12, 2011. Respondent filed a motion for summary judgment on October 26, 2011, along with a return, supporting memorandum and exhibits. (Doc. #20). The undersigned issued an order filed October 27, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #21). After being granted an extension, Petitioner filed a response on December 27, 2011.

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Lee Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his York County conviction and sentence. Petitioner was charged with seven counts of burglary in the second degree (2009-GS-46-0536, -0538, -0540, -0542 through -0544, & -0580), three counts of burglary in the first degree (2009-GS-46- 0537, 0539, 0545), two counts of burglary in the third degree (2009-GS-46-0541, 0546), and one count of grand larceny of items valued over $5000 (2009-GS-46-0575). Jason C Bybee, Esquire, represented him on these charges.

On January 29, 2009, Petitioner waived presentment of the indictments to the York County Grand Jury and he pleaded guilty, as charged, before the Honorable Edward M Miller. Pursuant to the parties' negotiated sentence, Judge Miller sentenced him to fifteen years imprisonment on all of the burglary in the second degree charges and two of the burglary in the first degree charges; five years imprisonment for the two burglary in the third degree charges; ten years imprisonment for the grand larceny charge; and twenty years imprisonment, suspended upon the service of fifteen years and five years probation. Judge Miller ordered that all sentences run concurrently.

Petitioner did not perfect an appeal from his convictions or sentence. However, he filed a *pro se* Post-Conviction Relief (PCR) Application (2010-CP-46-0437) on February 1, 2010. He alleged the following grounds for relief in his Application:

1. Conflict of interest; and,

2

2. Ineffective assistance of trial counsel:

    a. Failure to object to sentence,

    b. Failure to object to insufficient indictment, and

    c. Failure to file a timely notice of appeal.

The State filed its Return and Motion to Dismiss on June 2, 2010. The State argued that the statute of limitations governing state PCR applications, S.C. Code Ann. § 17-27-45(A) (Supp. 2010) barred the Application because the Application was filed on February 1, 2010, which was "one day beyond the time that the statutory filing period had expired. Under South Carolina law, mailing . . . of a petition for post-conviction relief does not constitute filing, for statute of limitations purposes. Gary v. State, 347 S.C. 627, 557 S.E.2d 662 (2001).

The Honorable Lee S. Alford filed a Conditional Order of Dismissal, dated July 7, 2010. Judge Alford provisionally denied and dismissed the action but gave Cunupp twenty days from the date of service of that Order in which to show why the dismissal should not become final. Through PCR counsel, Leah B Moody, Esquire, Cunupp submitted a document captioned "Applicant's Reply to the Proposed Conditional Order of Dismissal" which his PCR counsel forwarded to Respondent on July 22, 2010. He asserted that he was entitled to an evidentiary hearing for the following reasons:

> Ineffective Assistance of Counsel from the "jailhouse lawyer," another inmate in Applicant's correctional facility because he relied on the jailhouse lawyer in filing a timely post-conviction relief application and because Applicant was not aware of the statute of limitations for filing.

Judge Alford filed a Final Order on August 27, 2010, in which he found that the reasons advanced by Cunupp were "insufficient" to show why the Conditional Order of Dismissal served upon him should not become final. An Order was also entered on August 27, 2010.

Petitioner timely served and filed a notice of appeal. Ms. Moody represented him in collateral appellate proceedings. She wrote the Court on November 22, 2010, and stated that she could not provide an arguable basis for asserting that the PCR judge's decision was improper, as required by Rule 243(c), SCACR. On December 2, 2010, Cunupp submitted a *pro se* explanation. However, the South Carolina Supreme Court filed an Order of Dismissal on January 4, 2011. It sent the Remittitur to the York County Clerk of Court on January 21, 2011.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

**GROUND ONE**: Denial of Effective Assistance of Counsel.

**SUPPORTING FACTS**: Counsel failed to investigate case; failed to object to sentence imposed; failed to file a timely notice of appeal; and failed to object to insufficient indictment.

(Petition).

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to

4

establish a one-year statute of limitations for filing habeas petitions.² Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on January 29, 2009. Petitioner's conviction became final ten (10) days after his plea since he did not serve a notice

---

³ Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

of appeal. Therefore, his conviction became final on February 9, 2009.[3] The one-year limitations period began running on February 10, 2009. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g., Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed a PCR application on February 1, 2010. Therefore, three hundred fifty-six (356) days elapsed between the conviction becoming final and the time the PCR was filed. Petitioner appealed the PCR court's ruling dismissing his application finding it was barred by the state statute of limitations. The South Carolina Supreme Court issued an order dismissing Certiorari on January 4, 2011, with the Remittitur being issued on January 21, 2011. Petitioner filed this habeas petition on July 12, 2011, with a *Houston v. Lack, supra*, delivery date of July 7, 2011. However, even using the date of July 7, 2011, at least another one hundred sixty-five (167) days of non-tolled time expired. Therefore, there were at least five hundred twenty-three (523) days of non-tolled time since the Petitioner's one-year limitations period began to run. Hence, the instant petition is time barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this

---

[3] February 8, 2009, was a Sunday.

> point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

In his response in opposition to the motion for summary judgment, Petitioner asserts that the petition is not time barred. Petitioner argues that ". . . the Petition for Writ of habeas Corpus was filed within three hundred and sixty-five (365) days of the Order of Dismissal from the South Carolina Supreme Court." (Doc. #30, p. 5). Petitioner is confused regarding the time period. Petitioner also asserts he is entitled to equitable tolling because he ". . . received ineffective assistance of counsel from a jailhouse lawyer, another inmate in the correctional facility, because he relied on the inmate's advice in filing his State PCR Application and because he was not otherwise aware of the Statue of Limitations for filing." ( Doc. #30, p. 6). The undersigned concludes there is no evidence that warrants equitable tolling. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair

7

> accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id*. at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

8

RECOMMENDED that Respondent's motion for summary judgment (document #20) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 6, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**